IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROL ANN SIMMONS,

    Plaintiff,

v.                                           Civil Action No. 5:12CV50
                                                            (STAMP)
WHEELING ISLAND GAMING, INC.,
W.D.R.A. FOOD SERVICE, INC.,
WHEELING LAND DEVELOPMENT CO.,
RONALD A. SULTEMEIER, Incorporator,
TERRY C. BURTON, Incorporator,
JAMES W. SIMMS, President,
MICHAEL MAESTLE, Vice President,
TERRY C. BURTON, Secretary,
WILLIAM J. BISSETT, Director,
CHARLES E. MORAN, JR., and
DAN HANCOCK, Head of Security,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND,**
**DENYING AS MOOT PLAINTIFF'S MOTION TO STAY AND**
**DIRECTING PLAINTIFF TO RESPOND TO MOTION TO DISMISS**

I. Background

On March 14, 2012, the pro se[1] plaintiff in the above-styled civil action filed a complaint in the Circuit Court of Ohio County, West Virginia asserting a discrimination claim pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., against the defendants. The complaint sets forth no facts, but requests damages in the amount of $2,500.00 to $1.5 million. The case was removed to this Court on April 5, 2012.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

On April 10, 2012, the defendants filed a motion to dismiss in which they argue that the plaintiff's complaint fails to state a claim for which relief can be granted. The defendants note that the complaint contains no allegation that the plaintiff suffers from any disability, no allegation of what acts or actions of discrimination the plaintiff allegedly suffered, and no allegations to which the defendants can properly respond.

On April 12, 2012, the plaintiff filed a motion to remand arguing that because the West Virginia Human Rights Commission gave her authorization to institute a civil action, this case should be remanded to the Circuit Court of Ohio County, West Virginia. On April 16, 2012, the plaintiff filed a motion to stay the motion to dismiss. Specifically, the plaintiff requests that the motion to remand be decided prior to her responding to the motion to dismiss.

The defendants filed a response in opposition to the motion to remand on April 24, 2012. The defendants argue that the plaintiff has invoked federal question jurisdiction by expressly suing them under Title III of the ADA, thus, the motion to remand must be denied. The plaintiff did not file a reply in support of her motion to remand. Further, the plaintiff has not yet filed a response to the defendants' motion to dismiss. For the reasons stated below, this Court finds that the motion to remand must be denied and the motion to stay must be denied as moot.

2

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

## III. Discussion

The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that a federal question must be presented on the face of the plaintiff's properly pleaded complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Hunter Douglas, Inc. v. Sheet Metal Workers Int'l Assoc., Local 159, 714 F.2d 342, 345 (4th Cir. 1983). Only those cases "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends upon resolution of

3

a substantial question of federal law" are subject to removal. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983). This Court finds that the plain language on the face of the plaintiff's complaint presents a federal question: whether the defendants discriminated against the plaintiff in violation of Title III of the ADA. The plaintiff pleads, unambiguously, that she brings suit for discrimination under the ADA, a federal law. Accordingly, this Court has federal question subject matter jurisdiction over the plaintiff's action.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand (ECF No. 10) is DENIED and the plaintiff's motion to stay (ECF No. 13) is DENIED AS MOOT. The plaintiff is DIRECTED to file a response to the motion to dismiss on or before **May 30, 2012**. The defendants shall file any reply in support of the motion to dismiss on or before **June 6, 2012**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff and to counsel of record herein.

DATED:    May 16, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE