IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROL ANN SIMMONS,

    Plaintiff,

v.                                                  Civil Action No. 5:12CV50
                                                                     (STAMP)
WHEELING ISLAND GAMING, INC.,
W.D.R.A. FOOD SERVICE, INC.,
WHEELING LAND DEVELOPMENT CO.,
RONALD A. SULTEMEIER, Incorporator,
TERRY C. BURTON, Incorporator,
JAMES W. SIMMS, President,
MICHAEL MAESTLE, Vice President,
TERRY C. BURTON, Secretary,
WILLIAM J. BISSETT, Director,
CHARLES E. MORAN, JR., and
DAN HANCOCK, Head of Security,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS,
DENYING PLAINTIFF'S MOTION TO SUPPRESS, AND
DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

I. Background

On March 14, 2012, the pro se[1] plaintiff in the above-styled civil action filed a complaint in the Circuit Court of Ohio County, West Virginia asserting a discrimination claim pursuant to Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., against the defendants. The complaint sets forth no facts, but requests damages in the amount of $2,500.00 to $1.5 million. The case was removed to this Court on April 5, 2012.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

On April 10, 2012, the defendants filed a motion to dismiss in which they argue that the plaintiff's complaint fails to state a claim for which relief can be granted. The defendants note that the complaint contains no allegation that the plaintiff suffers from any disability, no allegation of what acts or actions of discrimination the plaintiff allegedly suffered, and no allegations to which the defendants can properly respond.

On April 12, 2012, the plaintiff filed a motion to remand, which this Court denied on May 16, 2012. Pursuant to this Court's order, the plaintiff then filed a response to the defendants' motion to dismiss. In her response, the plaintiff reasserts that her rights under Title III of the ADA have been violated. Specifically, the plaintiff argues that the defendants denied her access to their "place of Public Accommodations," and denied her "full enjoyment of the goods, services, facilities, privileges, advantages, or accommodations." Pl.'s Resp. 3. According to the plaintiff, the defendants have engaged in a pattern of discrimination by denying her access to the casino. Pl.'s Resp. 4.

The defendants filed a reply in support of their motion to dismiss on May 30, 2012, in which they emphasize that the plaintiff has still failed to allege how she was discriminated against with respect to a place of public accommodation. The defendants assert that the West Virginia Human Rights Commission has twice found no probable cause to the plaintiff's complaints of discrimination and

2

has twice entered orders dismissing her complaints.  Because her exclusion from the casino has been tested and upheld before the West Virginia Human Rights Commission, the defendants contend that the plaintiff's complaint in this case is time-barred.  Finally, the defendants assert that the plaintiff is seeking monetary relief, which Title III of the ADA does not provide to private litigants.

After the motion to dismiss was fully briefed, the plaintiff filed a motion to suppress the defendants' reply.  In this motion, the plaintiff argues that the defendants' reply is inadmissible, but she offers no argument in support of this assertion.  Pl.'s Mot. to Suppress 1.  Instead, the plaintiff reiterates that the defendants violated her rights under Title III of the ADA by denying her access to the casino.  The plaintiff also reasserts that she is disabled, and lists a variety of ailments from which she suffers.

On June 14, 2012, the parties appeared in the chambers of United States Magistrate Judge James E. Seibert for a scheduled mediation.  The next day, the plaintiff filed a motion to amend her complaint in order to add a claim of race discrimination.  On June 29, 2012, the defendants filed a response in opposition to the motion to amend, in which they argue that the plaintiff has failed to demonstrate good cause for amending her complaint.  The plaintiff did not file a reply in support of her motion to amend.

The defendants' motion to dismiss, the plaintiff's motion to suppress, and the plaintiff's motion to amend the complaint are all pending before this Court. For the reasons stated below, this Court finds that the motion to dismiss must be granted, the motion to suppress must be denied, and the motion to amend the complaint must be denied.

## II. Applicable Law

### A. Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 556 U.S. 677, 678 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright

4

& Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 2004). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 556 U.S. at 678). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

B. Motion to Amend Complaint

Rule 15(a) of the Federal Rules of Civil Procedure grants this Court broad discretion concerning motions for leave to amend

pleadings.  See Keller v. Prince George's Cnty., 923 F.2d 30, 33 (4th Cir. 1991) ("Motions to amend are committed to the discretion of the trial court."); Fed. R. Civ. P. 15(a).  Rule 15 states, in pertinent part, that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . 21 days after service of . . . a motion under Rule 12(b)."  Fed. R. Civ. P. 15(a)(1).  If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  Id.

Further, leave to amend should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

### III.  Discussion

A.  Motion to Dismiss

The Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Twombly, 550

6

U.S. at 545 (internal quotations omitted).  A plaintiff cannot satisfy this standard with a complaint containing only "labels and conclusions" or a "formulaic recitation of a cause of action's elements."  Id.  Rather, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," stating a claim that is "plausible on its face."  Id. at 547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Therefore, in order for a complaint to survive dismissal under Rule 12(b)(6), the plaintiff must "allege facts sufficient to state all the elements of her claim."  Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Even construing the pro se complaint liberally and in the light most favorable to the plaintiff, this Court finds that the plaintiff has failed to state a claim for which relief can be granted.  The complaint does nothing more than identify the parties, reference the ADA, and request damages.  It contains no facts regarding any action by the defendants that entitles the plaintiff to relief.  The plaintiff's response to the motion to dismiss does little to clarify her claims.  Although the plaintiff's response details her disabilities and argues that the defendants are retaliating against her for filing claims concerning her exclusion from the casino, she does not set forth any facts

7

that would allow this Court to draw the reasonable inference that the defendants are liable to her for violations of the ADA. Neither the complaint nor the response to the motion to dismiss inform this Court what the various defendants allegedly did, or did not do, that constitutes the discrimination that the plaintiff claims occurred.

Assuming that the plaintiff's claims arise out of her exclusion from the casino in 2001, even if this Court found the plaintiff's complaint to be plausible on its face, the complaint is time-barred. See Roe v. Cnty. Comm'n of Monongalia Cnty., 926 F. Supp. 74, 78 (N.D. W. Va. 1996) (concluding that a civil action pursuant to Title II of the ADA is subject to the two-year statute of limitations found at W. Va. Code § 55-2-12, as the West Virginia Human Rights Act is the most analogous West Virginia law to the ADA). Because this action was commenced over ten years after the plaintiff's claims accrued, it is barred by the statute of limitations.[2]

The complaint also fails to state a recognizable claim for monetary relief. As the defendants correctly note, Title III of the ADA does not provide for an award of money damages in suits

---

[2]The plaintiff repeatedly references June 17, 2010 as the date that she was denied access to the casino. However, the plaintiff admits that she was initially denied access in August 2001. Although the plaintiff attempts to label June 17, 2010 as the date of the discrimination, it is apparent from her submissions to this Court that any exclusion that occurred on that particular date was merely a continuation of the exclusion that began in 2001.

brought by private parties. See Goodwin v. C.N.J., Inc., 436 F.3d 44, 50 (1st Cir. 2006) (stating that money damages are not available for private parties suing under Title III of the ADA) (citing cases). For these reasons, the defendants' motion to dismiss the complaint must be granted.

B.  Motion to Amend Complaint

The plaintiff seeks to amend her complaint in order to add a claim for racial discrimination under the Civil Rights Act of 1964. Again, the plaintiff's motion sets forth no facts in support of this claim. Nothing within the motion or the exhibit attached thereto puts the multiple defendants on notice of what it is the plaintiff claims any or all of them did or did not do that gives rise to a new cause of action.

This Court finds that due to the fundamental deficiencies of the complaint, and the fact that the proposed amendment does nothing to cure these deficiencies, amending the complaint would be futile. That is, this Court finds that the proposed amended complaint fails to satisfy the requirements of the federal rules. Fed. R. Civ. P. 15(a). Additionally, the plaintiff has failed to abide by Rule 15.01 of the Local Rules of Civil Procedure, which states:

> Any party filing a motion to amend a pleading that requires leave of court to file, shall attach to that motion a signed copy of the proposed amended pleading. However, the amended pleading shall not be filed until the Court grants the particular motion.

LR Civ P 15.01. The plaintiff did not attach a copy of the proposed amended pleading to her complaint. Instead, she attached what appears to be her own brief summary of the Civil Rights Act. Pl.'s Mot. to Amend Compl. Ex. A. For these reasons, the motion to amend the complaint must be denied.

IV. Conclusion

For the reasons stated above, the defendants' motion to dismiss (ECF No. 8) is GRANTED and the plaintiff's motion to amend (ECF No. 33) is DENIED. Because the plaintiff offers no argument in support of her motion to suppress the defendants' reply (ECF No. 28), it is also DENIED. Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court. The plaintiff may appeal the final judgment of this Court by filing a notice of appeal with the district clerk within 30 days after entry of this opinion. Fed. R. App. P. 4.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 10, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE